UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA GAIL POSTON, as ADMINISTRATIX OF THE ESTATE OF MARK RAY POSTON, and LINDA GAIL POSTON, in her individual capacity, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN GENERAL LIFE INSURANCE COMPANY, <br><br> Defendant. | Case No.: |

## NOTICE OF REMOVAL

Defendant American General Life Insurance Company ("American General") hereby files this Notice of Removal of this case from the Circuit Court for Overton County, Tennessee, where it is currently pending as Case No. 2023-CV-38, to the United States District Court for the Middle District of Tennessee, Northeastern Division. This cause is removable pursuant to 28 U.S.C. §§ 1332, 1441 because there is complete diversity of citizenship between Plaintiff and American General, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. In support of its Notice of Removal, American General respectfully shows the Court as follows:

1. Plaintiff Linda Gail Poston, in her individual capacity and as administrator of the Estate of Mark Ray Poston, ("Plaintiff") instituted this civil action in the Circuit Court for Overton County, Tennessee on August 18, 2023. Attached as **Exhibit A** hereto are copies of each document filed in the state action.

2. This action could have been originally filed in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and American General, and the amount in controversy exceeds the $75,000 jurisdictional minimum.

3. American General, via the Tennessee Department of Commerce and Insurance, was served on August 28, 2023. *See* **Exhibit B**. Therefore, this Removal is timely pursuant 28 U.S.C. § 1446(b)(1).

4. The United States District Court for the Middle District of Tennessee, Northeastern Division is the federal district and division embracing the Circuit Court for Overton County, Tennessee, where this suit was originally filed. Venue is therefore proper in this Court pursuant to 28 U.S.C. §§ 123(b)(3) and 1441(a).

## DIVERSITY OF CITIZENSHIP

5. Plaintiff is a citizen and resident of the State of Tennessee. *See* Ex. A.

6. American General is a life insurance corporation organized under the laws of the State of Texas and maintains its principal place of business in Houston, Texas. American General is not now, and was not at the time of the filing of the Complaint, a citizen of the State of Tennessee within the meaning of the Acts of Congress relating to the removal of cases.

7. Thus, the complete diversity of citizenship requirement for removal is satisfied.

## AMOUNT IN CONTROVERSY

8. Here, Plaintiff's Complaint relates to a breach of contract claim in connection to American General Life Insurance Company Policy No. 10-0128062342 issued on the life of Mark Ray Poston that provides a $50,000 accidental death benefit. (the "Policy"). *See* Ex. A. Plaintiff purports to be the beneficiary of the Policy, and that accidental death benefits are due and owing following the death of Mark Ray Poston. *Id*. Additionally, Plaintiff's Complaint does not seek a

2

Case 2:23-cv-00058   Document 1   Filed 09/26/23   Page 2 of 9 PageID #: 2

specific amount of damages. Rather, Plaintiff seeks "a judgment *for all the damages they may show* themselves entitled in the final trial of this cause." *Id* (emphasis added).

9. "When a plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014). Courts appraise the amount in controversy from the Plaintiff's complaint at the time of removal. *See Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014). "[W]here plaintiffs seek 'to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant satisfies its burden when it proves that the amount in controversy 'more likely than not' exceeds $75,000." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993), *abrogated on other grounds*, *Hertz Corp. v. Friend*, 559 U.S. 77 (2010)); *see also Beasley v. Wells Fargo Bank, N.A.*, 744 F. App'x 906, 911 (6th Cir. 2018) ("The removing defendant bears the burden of showing that the amount in controversy requirement 'more likely than not' is satisfied."). Notably, this standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount in controversy requirement. Such a burden might well require the defendant to research, state and prove the plaintiffs claim for damages." *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)).

10. In this case, a fair reading of Plaintiff's Complaint makes clear that Plaintiff seeks damages in excess of $75,000. Although no specific amount is requested, the fact that Plaintiff's Complaint seeks a judgment "*for all the damages they may show* themselves entitled in the final trial of this cause" is significant. This language makes it self-evident that Plaintiff is not limiting

the *amount* of damages she seeks to the $50,000 accidental death benefit. Nor has she limited the *type* of damages she seeks to compensatory only. Moreover, the language is in line with Tenn. R. Civ. P. 54.03, which provides in pertinent part, "every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in the party's pleadings." *See also Thomas v. PPG Indus., Inc.*, No. 2:22-cv-02679-JTF-tmp, 2023 U.S. Dist. LEXIS 16989, at * 5 (W.D. Tenn. Feb. 1, 2023) (finding amount in controversy met in light of Tennessee Rule of Civil Procedure 54.03 where Plaintiff's complaint did not waive the opportunity to seek damages greater than $75,000).

11. Damages claims can be aggregated to establish the jurisdictional amount requirement, *Lemmon v. Cedar Point, Inc.,* 406 F.2d 94, 96 (6th Cir. 1969), including punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Trapp v. Wal-Mart Stores, Inc.*, No. 1:12-cv-0029, 2012 U.S. Dist. LEXIS 70608, at *7 (M.D. Tenn. May 17, 2012) (quoting *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 572 (6th Cir. 2001) (citations omitted)). Under Tennessee law, additional damages are potentially available for breach of insurance contract claims both by statute and under the common law. Pursuant to Tenn. Code Ann. § 56-7-105, a plaintiff may recover additional damages—up to 25% of the claim amount—from an insurer if they fail to pay a claim in bad faith. "To sustain a claim [under § 56-7-105] for failure to pay in bad faith a plaintiff must demonstrate 'there were no legitimate grounds for disagreement about the coverage of the insurance policy.'" *Fulton Bellows, LLC v. Fed. Ins. Co.*, 662 F. Supp. 2d 976, 996 (E.D. Tenn. 2009) (quoting *Zientek v. State Farm Int'l Servs.*, No. 1:05cv326, 2006 U.S. Dist. LEXIS 18418, at *4 (E.D. Tenn. Apr. 10, 2006)).

12. Similarly, under Tennessee law, punitive damages may be awarded in a breach of contract action. *Lindenberg v. Jackson Nat'l Life Ins. Co.*, 912 F.3d 348, 360 (6th Cir. 2018)

4

(quoting *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 276 (Tenn. Ct. App. 2013)); *see also Commercial Painting Co. v. Weitz Co. LLC*, No. W2019-02089-COA-R3-CV, 2022 Tenn. App. LEXIS 92, at *73 (Tenn. Ct. App. Mar. 11, 2022) (collecting Tennessee breach of contract cases where punitive damages were awarded). In general, an award of punitive damages is proper where there is clear and convincing proof that the defendant has acted either "intentionally, fraudulently, maliciously, or recklessly." *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 211 n.14 (Tenn. 2012) (quoting *Goff v. Elmo Greer & Sons Constr. Co.*, 297 S.W.3d 175 (Tenn. 2009)); *see also* Tenn. Code Ann. § 29-39-104 (1).

13. Notably, the allegations in the Complaint itself do not demonstrate to a legal certainty that such additional damages are unavailable. For example, the Complaint does not allege that American General "innocently" or "mistakenly" failed to pay Plaintiff's claims. To the contrary, a fair reading of the Complaint makes clear that Plaintiff alleges that American General has no reasonable or legitimate ground to deny payment because (1) the Policy was in full force at the time of Mark Ray Poston's death; (2) Plaintiff has fully complied with her contractual responsibility to cooperate in the claim process; (3) Poston's death was accidental and covered under the Policy; and (4) despite Plaintiff's compliance with the Policy and the fact that the claim is payable, American General has nevertheless refused payment. *See* Ex. A. Further, "whereas in this case state law *at least arguably permits the type of damages claimed*, the amount in controversy requirement will be satisfied *even if it is unlikely* that the plaintiff can recover an amount exceeding the jurisdictional requirement." *Kovacs v. Chesley*, 406 F.3d 393, 397 (6th Cir. 2005) (emphasis added).

14. In this case, in the event Plaintiff meets the requirements for recovery under Tenn. Code Ann. § 56-7-105, she could receive additional damages up to $12,500 (or 25% of the policy

benefit). In addition, a reasonable calculation for a punitive damage award is $100,000 or twice the value of the Policy's accidental death benefit. Significantly higher punitive damages have been awarded in cases with claims similar to those alleged by the Plaintiff in her Complaint (breach of contract). *See Goff v. Elmo Greer & Sons Constr. Co.,* 297 S.W.3d 175, 199 (Tenn. 2009) (reducing punitive damage award to 27 times compensatory damages in case alleging breach of contract and bad faith); *Riad v. Erie Ins. Exch.*, 436 S.W.3d 256, 265 (Tenn. Ct. App. 2013) (affirming multiple punitive damages award of 4x compensatory damages in an action against an insurer alleging claims of breach of contract, bad faith refusal to pay, and violations of the Tennessee Consumer Protection Act); *Mohr v. DaimlerChrysler Corp.*, No. W2006-01382-COA-R3-CV, 2008 Tenn. App. LEXIS 619, at *54 (Tenn. Ct. App. Oct. 14, 2008) (modifying a trial court judgment in a breach of warranty action to allow punitive damage award of 3x compensatory damages).

15. It is reasonable to anticipate that, if the Plaintiff prevails, she may receive a compensatory award of $50,000 along with $12,500 in bad faith damages. In such a scenario, even a punitive damages award of only $12,501 (equivalent to 25.002% of the policy benefit) would be adequate to surpass the amount in controversy requirement.

16. Therefore, the amount in controversy more likely than not exceeds the jurisdictional minimum of $75,000.

## **MISCELLANEOUS**

17. A copy of this Notice of Removal is being filed with the Circuit Court for Overton County, Tennessee, as provided by law, and written notice is being sent to Plaintiff's counsel. **Exhibit C** is attached herewith, which is a copy of the Notice that will be filed with the Circuit Court for Overton County, Tennessee.

18. American General has not previously sought similar relief with respect to this matter.

19. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

20. The allegations of the Notice of Removal are true and correct and within the jurisdiction of the United States District Court for the Middle District of Tennessee, Northeastern Division, and this cause is removable to the United States District Court for the Middle District of Tennessee, Northeastern Division.

21. If any question arises as to the propriety of the removal of this action, American General respectfully requests the opportunity to present a brief and oral argument in support of its position.

WHEREFORE, ALL PREMISES CONSIDERED, Defendant American General Life Insurance Company, by counsel, desiring to remove this civil action to the United States District Court for the Middle District of Tennessee, Northeastern Division, being the district for the county in which such civil action is pending, prays that the filing of the Notice of Removal, the service of written notice thereof on Plaintiff's counsel, and the filing of a copy of this Notice of Removal with the Clerk for the Circuit Court for Overton County, Tennessee shall effect the removal of said civil action to this Honorable Court.

Dated: September 26, 2023         Respectfully submitted by,

/s/ Joshua D. Jones
Joshua D. Jones
TN Bar No. 033159
Bressler, Amery & Ross, P.C.
2001 Park Place, Suite 1500
Birmingham, AL 35203
Telephone: (205) 719-0400
jdjones@bressler.com

*Counsel for Defendant American General Life Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2023, a true and correct copy of the foregoing Notice of Filing has been served via United States Certified Mail, on the following:

Seth B. Pinson
204 N. Washington Avenue
Cookeville, Tennessee 38501
*Counsel for Plaintiff Linda Gail Poston*

                                                          */s/ Joshua D. Jones*
                                                          Joshua D. Jones

9

Case 2:23-cv-00058   Document 1   Filed 09/26/23   Page 9 of 9 PageID #: 9